UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE MARRERO

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    :    SEALED INDICTMENT

    - v. -                                            :    19 Cr.

                                                         :

ANTHONY CHEEDIE,                            :
CHAD ALLEN,                                 :
SHANE HANNA,                                :
CAMERON BREWSTER,                           :
KEVIN HANDREN,                   19 CRIM   833
JOSEPH CIACCIO,
    a/k/a "Joseph Gallagher,"                :
JOSEPH MINETTO,
JOSEPH DEPAOLA,
    a/k/a "Joe Hall,"
DERREK LARKIN,                              :
    a/k/a "Derrek Martin,"                   :
MATTIE CIRILO,                              :

                Defendants.              :

- - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 2 0 2019

COUNT ONE
(Conspiracy to Commit Wire Fraud)

    The Grand Jury charges:

OVERVIEW OF THE SCHEME

    1.   From at least in or about 2012 until at least in or
about November 2019, in the Southern District of New York and
elsewhere, ANTHONY CHEEDIE, CHAD ALLEN, SHANE HANNA, CAMERON
BREWSTER, KEVIN HANDREN, JOSEPH CIACCIO, a/k/a "Joseph
Gallagher," JOSEPH MINETTO, JOSEPH DEPAOLA, a/k/a "Joe Hall,"
DERREK LARKIN, a/k/a "Derrek Martin," and MATTIE CIRILO, the
defendants, together with others known and unknown
(collectively, the "Participants") carried out a wide-ranging

telemarketing scheme that defrauded hundreds of victims (the "Victims") throughout the United States, many of whom were over age 55, by selling those Victims so-called "business services" in connection with the Victims' purported online businesses (the "Business Opportunity Scheme").

2. To perpetrate the Business Opportunity Scheme, certain of the Participants sold alleged services purporting to make the management of Victims' businesses more efficient or profitable, including tax preparation or website design services, notwithstanding that many Victims were elderly and did not own a computer. At the outset of the Business Opportunity Scheme, certain Participants employed by a purported fulfillment company sent the Victim electronic or paper pamphlets or provided so-called "coaching sessions" regarding these purported online businesses, but at no point did the Victims actually earn any of the promised return on their intended investment.

3. In order to perpetrate the Business Opportunity Scheme, Participants engaged in a widespread, coordinated effort to traffic in lists of potential victims, or "leads," many of whom had previously made an initial investment to create an online business with other Participants in the Scheme.  As a general matter, leads were initially generated by sales floors operating in, among other places, Arizona, Nevada and Utah, including those sales floors operated by CHAD ALLEN, SHANE

HANNA, CAMERON BREWSTER, and KEVIN HANDREN, the defendants, as
well as others known and unknown.  ALLEN, HANNA, BREWSTER and
HANDREN operated in coordination with several telemarketing
sales floors in the New York and New Jersey area, including in
Manhattan, and provided lead lists and fulfillment services to
other Participants operating those floors, including ANTHONY
CHEEDIE, JOSEPH CIACCIO and JOSEPH MINETTO, the defendants.
BREWSTER, for example, provided lead lists generated through a
website referred to by BREWSTER and other coconspirators as the
"Money Sucking Website" or "MSW."  CIACCIO and MINETTO employed
several salespeople who sold the so-called business services to
Victims of the Business Opportunity Scheme and worked to prevent
Victims from receiving refunds on their investments, including
JOSEPH DEPAOLA, DERREK LARKIN and MATTIE CIRILO.

    4.  When there were no more services to sell the Victim as
part of the Business Opportunity Scheme and/or the Victim had
reached the maximum limit on his or her credit card, the
Participants effectively refinanced their Victims' participation
in the Business Opportunity Scheme into a new scheme,
capitalizing on the Business Opportunity Scheme Victims' credit
card debts by falsely claiming they would consolidate or settle
the Victims' debt in exchange for an up-front payment (the "Debt
Relief Scheme").  The perpetrators of the Debt Relief Scheme
entered into revenue-sharing agreements with certain

Participants in the  Business Opportunity Scheme by which the perpetrators of the Debt Relief Scheme paid certain Participants for leads based on a percentage of the sales made to Victims. In truth and in fact, the perpetrators of the Debt Relief Scheme did not settle or consolidate the Victims' debt.

5.    Certain Participants, including CHAD ALLEN and SHANE HANNA, the defendants, also falsely told Victims that the Victims had qualified for a government grant, often in connection with starting a small business, and that the Victims should purchase the business services offered as part of the Business Opportunity Scheme as a way to earn money while waiting for the Victim's grant money to be received.  In truth and in fact, no such government grants existed.

6.    In or about January 2019, law enforcement conducted a search of the telemarketing sales floor at which DERREK LARKIN and MATTIE CIRILO, the defendants, were employed.  During the search, law enforcement seized several electronic devices from LARKIN and CIRILO. Following the search, LARKIN and CIRILO knowingly deleted, and attempted to delete, the data on those devices in an effort to prevent law enforcement from using that data in its ongoing investigation into the Business Opportunity Scheme.

STATUTORY ALLEGATIONS

7.    From at least in or about 2012 up to and including at
least in or about November 2019, in the Southern District of New
York and elsewhere, ANTHONY CHEEDIE, CHAD ALLEN, SHANE HANNA,
CAMERON BREWSTER, KEVIN HANDREN, JOSEPH CIACCIO, a/k/a "Joseph
Gallagher," JOSEPH MINETTO, JOSEPH DEPAOLA, a/k/a "Joe Hall,"
DERREK LARKIN, a/k/a "Derrek Martin," and MATTIE CIRILO, the
defendants, and others known and unknown, willfully and
knowingly, did combine, conspire, confederate, and agree
together and with each other to commit wire fraud, in violation
of Title 18, United States Code, Sections 1343 and 2326, in
connection with the conduct of telemarketing, as that term is
defined in Title 18, United States Code, Section 2325, which did
victimize ten and more persons over the age of 55, and did
target persons over the age of 55.

8.    It was a part and object of the conspiracy that
ANTHONY CHEEDIE, CHAD ALLEN, SHANE HANNA, CAMERON BREWSTER,
KEVIN HANDREN, JOSEPH CIACCIO, a/k/a "Joseph Gallagher," JOSEPH
MINETTO, JOSEPH DEPAOLA, a/k/a "Joe Hall," DERREK LARKIN, a/k/a
"Derrek Martin," and MATTIE CIRILO, the defendants, and others
known and unknown, willfully and knowingly, having devised and
intending to devise a scheme and artifice to defraud and for
obtaining money and property by means of false and fraudulent
pretenses, representations, and promises, would and did transmit

and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 2326.

(Title 18, United States Code, Sections 1349, 2326(1), & 2326(2).)

## COUNT TWO
### (Obstruction of Justice)

The Grand Jury further charges:

9.    The allegations contained in paragraphs 1 through 6 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

10.   In or about January 2019, in the Southern District of New York and elsewhere, DERREK LARKIN and MATTIE CIRILO, the defendants, did corruptly alter, destroy, mutilate, and conceal records, documents and other objects, and attempted to do so, with the intent to impair their integrity and availability for use in an official proceeding in violation of Title 18, United States Code, Section 1512(c)(1), to wit, the defendants, among other things, remotely deleted records from electronic devices seized from them during a judicially-authorized search, with the intent to prevent the evidence on those devices from being used in an ongoing grand jury investigation in the Southern District

of New York into the telemarketing fraud scheme charged in Count One of the Indictment.

(Title 18, United States Code, Sections 1512(c) and 2.)

## FORFEITURE ALLEGATION

11. As the result of committing the offense alleged in Count One of this Indictment, ANTHONY CHEEDIE, CHAD ALLEN, SHANE HANNA, CAMERON BREWSTER, KEVIN HANDREN, JOSEPH CIACCIO, a/k/a "Joseph Gallagher," JOSEPH MINETTO, JOSEPH DEPAOLA, a/k/a "Joe Hall," DERREK LARKIN, a/k/a "Derrek Martin," and MATTIE CIRILO, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), any and all real or personal property used or intended to be used to commit, facilitate, or to promote the commission of said offenses; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the defendants obtained directly or indirectly as a result of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property:

a. Any and all funds contained in JPMorgan Chase account number 676363323, held in the name of Atlantic Business Company LLC;

b.   Any and all funds contained in Bank of America account number 3810 5072 0156, held in the name of Redwood Business Development LLC;

c.   Any and all funds contained in Bank of America account number 3810 5072 0169, held in the name of Redwood Business Development LLC;

d.   Any and all funds contained in Capital One account number 7528471638, held in the name of National Business Development LLC;

e.   Any and all funds contained in Capital One account number 7528471719, held in the name of Atlantic Business Co LLC;

f.   Any and all funds contained in Bank of America account number 4570 1802 1226, held in the name of C Allen Consulting LLC;

g.   Any and all funds contained in BBVA Compass account number 6745665797, held in the name of Chad Allen;

h.   Any and all funds contained in BBVA Compass account number 6749620674, held in the name of Diamond Consulting Srv LLC;

i.   Any and all funds contained in JPMorgan Chase account number 818268513, held in the name of OBS Group Limited Liability Company;

j.   Any and all funds contained in JPMorgan Chase account number 838323793, held in the name of OBS Group Limited Liability Company;

k.   Any and all funds contained in JPMorgan Chase account number 676363323, held in the name of Atlantic Business Company LLC;

l.   Any and all funds contained in JPMorgan Chase account number 511220936, held in the name of Mr Shak Inc;

m.   Any and all funds contained in JPMorgan Chase account number 126580262, held in the name of Corporate Dev Center LLC;

n.   Any and all funds contained in JPMorgan Chase account number 270965293, held in the name of Corporate Dev Center LLC;

o.   Any and all funds contained in Valley National Bank account number 41689313, held in the name of Corporate Development Center LLC;

p.   Any and all funds contained in Bank of America account number 381038242339, held in the name of Corporate Development Center LLC;

q.   Any and all funds contained in Bank of America account number 381044576329, held in the name of Corporate Development Center LLC;

r.   Any and all funds contained in TD Bank account number 4333181272, held in the name of Corporate Development Center LLC;

s.   Any and all funds contained in Valley National Bank account number 41873572, held in the name of Alliance Education Services;

t.   Any and all funds contained in JPMorgan Chase account number 690301853, held in the name of Blank Canvas Inc.;

u.   Any and all funds contained in Mid First Bank account number 2013012320, held in the name of Pinnacle Marketing Group LLC;

v.   The real property described as 4420 West Hopi Trail, Laveen, AZ 85339;

w.   The real property described as 13806 North 126th Lane, El Mirage, AZ 85335;

x.   The real property described as 11162 South Windy Peak Ridge Drive, Sandy, Utah 84092;

y.   The real property described as 7495 West Ford Ave, Las Vegas, NV 89113;

z.   The real property described as 557 Hickory Street, Washington Township, NJ 07676; and

aa.   Jewelry seized during a search at 24 Prospect Place, First Floor, Hillsdale, NJ 07642 on or about August 7, 2019.

## SUBSTITUTE ASSET PROVISION

12.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28 United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982; and
Title 21, United States Code, Section 853.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ANTHONY CHEEDIE,
CHAD ALLEN,
SHANE HANNA,
CAMERON BREWSTER,
KEVIN HANDREN,
JOSEPH CIACCIO, a/k/a "Joseph Gallagher,"
JOSEPH MINETTO,
JOSEPH DEPAOLA, a/k/a "Joe Hall,"
DERREK LARKIN, a/k/a "Derrek Martin," and
MATTIE CIRILO,

Defendants.

## SEALED INDICTMENT

19 Cr.

(18 U.S.C. §§ 1349, 1512(c), 2326,
and 2.)

GEOFFREY S. BERMAN
United States Attorney

_Foreperson_

Sealed Indictment Filed
Hon. Sarah Netburn, USMJ
@ 11/19/19   10 arrest warrants.