```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                          19 CR 833 (SHS)
ANTHONY CHEEDIE, CHAD ALLEN,
SHANE HANNA, CAMERON BREWSTER,
KEVIN HANDREN, JOSEPH CIACCIO,
JOSEPH MINETTO, JOSEPH DEPAOLA,
DERREK LARKIN, MATTIE CIRILO,

                Defendants.              CONFERENCE

------------------------------x

                                         New York, N.Y.
                                         March 5, 2020
                                         3:55 p.m.


Before:

                    HON. SIDNEY H. STEIN,

                                         District Judge


                         APPEARANCES


GEOFFREY S. BERMAN,
     United States Attorney for the
     Southern District of New York
BENET J. KEARNEY
     Assistant United States Attorney

FREDERICK L. SOSINSKY
     Attorney for Defendant Cheedie

JASON E. FOY
     Attorney for Defendant Allen

RICHARD H. ROSENBERG
     Attorney for Defendant Hanna

RYAN P. POSCABLO
     Attorney for Defendant Brewster
```

K35VCHEC

APPEARANCES (continued)


E. DANYA PERRY
    Attorney for Defendant Handren

TOMMY H. VU
    Outgoing Attorney for Defendant Ciaccio

NICOLE W. FRIEDLANDER
    Incoming Attorney for Defendant Ciaccio

MICHAEL H. SPORN
    Attorney for Defendant Minetto

ZACHARY MARGULIS-OHNUMA
    Attorney for Defendant DePaola

BRIAN J. NEARY
    Attorney for Defendant Larkin

MARK I. COHEN
    Attorney for Defendant Cirilo


ALSO PRESENT:  CHRISTOPHER BASTOS, HSI
               MARCUS MURPHY, HSI
               EMMA GREENWOOD

1           (Case called)
2           MS. KEARNEY:  Good afternoon, your Honor.
3           Benet Kearney, for the United States.
4           And also at counsel table is Detective Christopher
5   Bastos and Special Agent Marcus Murphy of the Department of
6   Homeland Security, Homeland Security Investigation.
7           THE COURT:  All right.  Good afternoon, both of you.
8           Those in the back of the courtroom may be seated.
9           I'd like counsel and defendants to remain standing.
10          Defense.
11          MR. SOSINSKY:  Good afternoon, Judge.
12          Fred Sosinsky, appearing for defendant Anthony
13  Cheedie, who is standing behind me, your Honor.
14          THE COURT:  All right.
15          MR. FOY:  May it please the Court, Jason Foy, for
16  Mr. Chad Allen, who, with the permission of the Court, was
17  excused from appearing for these proceedings.
18          THE COURT:  Yes.  I have your letter here, sir.  And
19  your client is waiving his -- he's asking not to appear;
20  correct?
21          MR. FOY:  Exactly.  Yes.
22          THE COURT:  All right.  Fine.  Granted.
23          Next.
24          MR. ROSENBERG:  Good afternoon, your Honor.
25          Richard Rosenberg, appearing for Shane Hanna, who is

1    in the first row and is acknowledging with his hand raised.
2              THE COURT:  Yes.  Good afternoon.
3              MR. POSCABLO:  Good afternoon, your Honor.
4              Ryan Poscablo, on behalf of Cameron Brewster, who your
5    Honor has excused.
6              THE COURT:  Yes.  He wishes to be excused; correct?
7              MR. POSCABLO:  Thank you, your Honor.  Yes.
8              THE COURT:  I've granted that.
9              All right.  Next.
10             MS. PERRY:  Good afternoon, your Honor.
11             Danya Perry, for defendant Kevin Handren, who is
12   behind me in the first row.
13             THE COURT:  Yes.  All right.  Welcome.
14             Next.
15             MR. VU:  Good afternoon, your Honor.
16             Tommy Vu, on behalf of Mr. Joseph Ciaccio, who is not
17   present, in custody, and I've submitted a letter.
18             THE COURT:  Yes.  And you're waiving his appearance as
19   well, and he's aware of this conference; correct?
20             MR. VU:  Yes, your Honor.
21             THE COURT:  And I have a letter from you, sir, Mr. Vu,
22   dated February 26.  And you indicate that you're seeking to be
23   relieved for the reasons set forth in the letter.  And you're
24   asking for me to appoint the CJA duty -- CJA attorney who's on
25   duty today -- Ms. Blakely -- and that's Ms. Friedlander.

1           Are you here, Ms. Friedlander?
2           MS. FRIEDLANDER:  Yes.  Good afternoon, your Honor.
3           THE COURT:  All right.  Welcome.
4           I am now relieving Mr. Vu, with the thanks of the
5   Court, and appointing Ms. Friedlander to represent Mr. Ciaccio
6           MS. FRIEDLANDER:  Thank you, your Honor.
7           THE COURT:  And Mr. Vu, if you'll fill Ms. Friedlander
8   in on the status of the case and let her know how to reach
9   Mr. Ciaccio.
10          MR. VU:  I certainly will, your Honor.
11          THE COURT:  All right.  Thank you.
12          You are excused, sir, with the appreciation of the
13  Court.
14          MR. VU:  Thank you, your Honor.
15          THE COURT:  All right.  Next.
16          Mr. Sporn.
17          MR. SPORN:  Yes.  Good afternoon, your Honor.
18          Michael Sporn, for Joseph Minetto.  He's right behind
19  me.
20          THE COURT:  All right.  Welcome.
21          Next.
22          MR. NEARY:  Good afternoon, Judge.
23          My name is Brian Neary.  I represent Mr. Derrek
24  Larkin.  Mr. Larkin is going to raise his right hand.
25          THE COURT:  All right.  Welcome.

| | |
|---|---|
| 1 | MR. MARGULIS-OHNUMA:  I'm Zachary Margulis-Ohnuma, 260 Madison Avenue, for the defendant Joseph DePaola. |
| 3 | THE COURT:  All right.  Good afternoon. |
| 4 | MR. COHEN:  Good afternoon, your Honor. |
| 5 | Mark Cohen, on behalf of Mattie Cirilo. |
| 6 | Ms. Cirilo is in the third row standing, your Honor. |
| 7 | THE COURT:  All right.  Everyone may be seated. |
| 8 | Thank you. |
| 9 | MS. GREENWOOD:  And good afternoon, your Honor. |
| 10 | Emma Greenwood, the coordinating discovery attorney. |
| 11 | THE COURT:  Yes, Ms. Greenwood.  And I received your status letter, and I appreciate it.  Thanks.  Sounded like everything was going forward swimmingly, or at least adequately. |
| 15 | MS. GREENWOOD:  I think that's correct. |
| 16 | THE COURT:  That's the first such letter you've written me.  Very nice. |
| 18 | MS. GREENWOOD:  Thank you. |
| 19 | THE COURT:  You've written other letters, I just mean this one seemed to have no problems. |
| 21 | MS. GREENWOOD:  Thank you. |
| 22 | THE COURT:  All right.  Government? |
| 23 | MS. KEARNEY:  Thank you, your Honor. |
| 24 | THE COURT:  Speak to me. |
| 25 | MS. KEARNEY:  I just wanted to give your Honor a brief |

1   update on the discovery status.  It sounds like Ms. Greenwood
2   has filled you in.
3          THE COURT:  Well, it's a letter.  I assume -- is it
4   publicly filed?
5          MS. KEARNEY:  I don't think I've received it.
6          MS. GREENWOOD:  It is not, your Honor.  It is *ex
7   parte*.
8          THE COURT:  All right.  Fine.
9          So be more fulsome then, from the standpoint of the
10  government.
11         MS. KEARNEY:  Thank you, your Honor.
12         So since we were last here, the government has made
13  three productions to date, totaling approximately 35 gigabytes
14  of material.  I'll asterisk that and come back to it in just
15  one second.  Those productions include most of the legal
16  process sought and obtained in this case, a significant volume
17  of audio recordings, a Google drive that was used to store
18  victim documents, and about 25,000 pages of financial records.
19         The reason I asterisked that production is a large
20  portion of the volume is mbox files, that is, email files, the
21  contents of email accounts.  I've been informed by
22  Ms. Greenwood that she is having difficulty accessing and
23  opening those files to distribute to defense counsel.  So we
24  are actively working to figure out what the issue is and how we
25  can solve it.

Just to preview what's coming down the road, I think we're making steady progress, but there is a volume of discovery that remains to be produced. I expect by the end of next week we will be producing nine additional emails/drive accounts that were used in furtherance of this scheme.

There are also, in the course of search warrants that were executed, hard copy documents were seized with respect to two locations. Scans of those documents have already been produced. And with respect to the remaining locations, there are 23 boxes total of documents that are in the process of being scanned and will be distributed on a rolling basis as that is completed.

As your Honor is aware, there's also a significant volume of electronic devices that have been seized and are in the process of being imaged in connection with this case. We've provided charts broken down by search location of the various devices, their imaging, and report status, and invited defense counsel to request both prioritization of which devices they would like to have imaged first and, once those images and reports are complete, which they would like to receive copies of.

Unless your Honor has further questions, that's my summary.

THE COURT: What's your timetable to complete the discovery?

1  　　　　　MS. KEARNEY:  I don't have a timetable for the scanned
2  documents; that's up to the contractor.  We're pushing them to
3  move as quickly as possible.
4  　　　　　For the electronic devices, it's a bit up in the air,
5  as it depends on how quickly the lab can get through security
6  measures, the volume of the devices, things like that.  So I
7  can't give a precise estimate.
8  　　　　　If I can have just one moment to consult with the
9  agents?
10 　　　　　THE COURT:  Yes.
11 　　　　　(Counsel and agents conferred)
12 　　　　　MS. KEARNEY:  With respect to the electronic devices,
13 I don't want to make a firm commitment, your Honor, because
14 things happen, particularly in the world of technology, but we
15 think we can have the devices imaged within three months.
16 　　　　　That said, to the extent that there are devices that
17 defense counsel feel are particularly important to them, if
18 they will let us know which those are, we will put that in
19 front of the line and concentrate on those.
20 　　　　　THE COURT:  All right.  So I take it all you're doing
21 is asking for a further status conference.
22 　　　　　MS. KEARNEY:  That's my request, yes.
23 　　　　　THE COURT:  Okay.  Are any of the defense counsel who
24 want to say anything?  It seems to me that things are moving
25 forward, and we should have a status conference perhaps in two

K35VCHEC

1  months.  That may encourage the government to try to get the
2  imaging done before three months.
3          Is there anyone that wants to add anything?
4          MR. SOSINSKY:  Sure, Judge, if I could.
5          THE COURT:  Yes.
6          MR. SOSINSKY:  We --
7          THE COURT:  Tell the reporter who you are.
8          MR. SOSINSKY:  Sure.  Fred Sosinsky, counsel for
9  Anthony Cheedie.
10          Defense counsel conferenced telephonically last week
11 to make sure that we were essentially all on the same page in
12 terms of what it looked like additional time would be based on
13 what we've gotten so far.  We weren't sure what was to be
14 produced.  And then before the court appearance, we did speak
15 with the government.
16          We would suggest, rather than come back in a couple of
17 months, that your Honor see us next in about four months, in
18 120 days.  There is going to be produced, Judge, what looks
19 like perhaps twice as much data as there was in the prior
20 prosecution-related case that your Honor presided over.  So we
21 have all of that stuff, which itself necessitated any number of
22 adjournments so that counsel could go through it, it could be
23 produced.  And then we have all of the additional items from
24 this case, which, as I say, my understanding in speaking to
25 Ms. Greenwood, is that it's probably the same amount of data

1    that we have to go through.
2            So we are all working on this.  But I think,
3    especially given that you just heard, it may well take the
4    better part of three months for them to be able to provide the
5    electronics to us, that it makes more sense for us to come in a
6    little bit later so that hopefully we're at the end point in
7    terms of production at least, and we can tell you if we require
8    any additional time to go through all of this.
9            THE COURT:  Everybody is out; is that right?  There's
10   nobody detained?
11           MR. SOSINSKY:  I think that -- yes.  Yes.
12           THE COURT:  What's the position of the government?
13           MS. KEARNEY:  I think, your Honor, given the volume
14   that we expect to produce, I don't remember if I mentioned that
15   we expect to produce nine email accounts next week.
16           THE COURT:  I think you did.
17           MS. KEARNEY:  I think, given the volume, it's an
18   appropriate request.
19           THE COURT:  All right. But you see one of the reasons
20   I want to bring you in earlier is, first, to make sure I'm
21   keeping tabs on the case; and secondly, to exert some pressure
22   on the government to speed it up.  Because if I were to give
23   everybody -- say, Come back in six months, everybody would go
24   and do other things, and the government would relax as well.
25   And I don't want that to happen.

1     MS. KEARNEY:  Yes, I've heard your Honor's subtle
2 message, yes.
3     THE COURT:  All right.
4     Four months, I'll grant the defense request.
5     All right?
6     July 7, 4 p.m.  I'm doing this because there's nobody
7 incarcerated and the defense is requesting it.
8     But let's get all the discovery done before that,
9 everything produced by the government.  Then we'll see where
10 we're going.  And in an ideal world, in enough time for the
11 defense to be able to at least skim the discovery and see what
12 they are thinking about.
13     All right.  Status report, pretrial conference for
14 status, July 7, 4 p.m.
15     Government, anything else?
16     MS. KEARNEY:  Yes.  The government requests that time
17 be excluded from now until then so that we can complete our
18 discovery production and defense can review it.
19     THE COURT:  All right.  The government has requested
20 from now until then exclusion of the -- which would be July
21 7th.  Is there any defense attorney who objects?
22     All right.  Hearing none, I hereby grant the motion of
23 the government, which I deem to have been made pursuant to 18
24 U.S.C. 3161(h)(7)(A), for an exclusion of time from today until
25 July 7, 2020.

1     I do make the finding that the ends of justice
2  outweigh the interest of the public and each of the defendants
3  in a speedy trial.  The purpose is to enable the discovery to
4  continue on a rolling basis, to make its discovery obligations.
5  There's apparently many gigabytes of information.
6     The purpose is to enable that to go forward, and the
7  defense to analyze the discovery and, if the parties so choose,
8  to engage in discussions regarding the feasibility of a
9  consensual resolution; although that may be too early, it may
10 be too early for that.  I leave that to the parties.
11    I'll see everyone on July 7 at 4 p.m.  And if things
12 really go swimmingly, anybody can request that the conference
13 be moved closer to today.
14    Is there anything else from the defense?
15    All right.  Thank you, all.  I appreciate it.
16              *    *    *