UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
:       CONSENT PRELIMINARY ORDER
- v. -   :       OF FORFEITURE/
:       MONEY JUDGMENT
ANTHONY CHEEDIE,
:       S2 19 Cr. 833 (SHS)
Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 23, 2021, a two-count superseding information, S2 19 Cr. 833 (SHS) (the "Information") was filed charging ANTHONY CHEEDIE (the "Defendant") with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349, 2326(1), and 2326(2) (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), of any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of the offense charged in Count One of the Information; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the Defendant obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offense charged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged

in Count Two of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Information;

WHEREAS, on or about March 23, 2021, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Section 982(a)(8), any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of the offense charged in Count One of the Information; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the Defendant obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offense charged in Count One of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), any and all property involved in the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $4,250,401 in United States currency, representing the proceeds traceable in the offense charged in Count One of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the

Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Kiersten A. Fletcher, Robert B. Sobelman, and Sheb Swett, of counsel, and the Defendant and his counsel, Frederick L. Sosinsky, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $4,250,401 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, and the property involved in the offense charge in Count Two of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, ANTHONY CHEEDIE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *Robert B. Sobelman*                                                1/5/2023
KIERSTEN A. FLETCHER                                                    DATE
ROBERT B. SOBELMAN
SHEB SWETT
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2238 / 2616 / 6522

ANTHONY CHEEDIE

By: _____                                              01/03/2023
ANTHONY CHEEDIE                                                         DATE

By: _____                                              1/5/23
FREDERICK L. SOSINSKY, ESQ.                                             DATE
Attorney for Defendant
45 Broadway, Street, Suite 3010
New York, New York 10006

SO ORDERED:

_____                                                  January 6, 2023
HONORABLE SIDNEY H. STEIN                                               DATE
UNITED STATES DISTRICT JUDGE