UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Judgment Creditor,

v.

ANTHONY CHEEDIE,

        Judgment Debtor,

and

FIDELITY BROKERAGE SERVICES, LLC,
FIDELITY MANAGEMENT TRUST
COMPANY, and JOHN HANCOCK LIFE
INSURANCE COMPANY,

        Garnishees.

19 CR 0833-01 (SHS)

**FINAL ORDER
OF GARNISHMENT**

WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served writs of garnishment on the garnishees, FIDELITY BROKERAGE SERVICES, LLC, FIDELITY MANAGEMENT TRUST COMPANY, and JOHN HANCOCK LIFE INSURANCE COMPANY, for substantial nonexempt property belonging to or due the defendant-judgment debtor, ANTHONY CHEEDIE (Dkts. 800-02, 812 and 821);

WHEREAS, on July 22, 2024, garnishees FIDELITY BROKERAGE SERVICES, LLC and FIDELITY MANAGEMENT TRUST COMPANY ("Fidelity") filed an Answer with the Court and served a copy of it on the Government and the judgment debtor (Dkt. 807);

WHEREAS Fidelity answered that it has the following property belonging to or due the judgment debtor in its possession, custody, or control, subject to market fluctuation:[1]

| Account No. | Type | Amount |
|---|---|---|
| XXXX2243 | Individual Retirement Account | $76,282.00 |
| XXXX3512 | TOD Individual Account | $4,063.82 |
| XXXX6422 | TOD Individual Account | $26,880.00 |
| XXXX6411 | Corporate Account Mr. Bollywood, Inc. | $102,482.00 |
| **Total withheld** | | **$209,707.82** |

WHEREAS, on July 31, 2024, garnishee JOHN HANCOCK LIFE INSURANCE COMPANY filed an Answer with the Court and served a copy of it on the Government and the judgment debtor (Dkt. 811);

WHEREAS John Hancock answered that it has one Life Insurance Policy No. ending in 0965 belonging to or due the judgment debtor in its possession, custody, or control with a cash value of $51,487.91, subject to market fluctuation;[2]

WHEREAS, in compliance with the FDCPA, the Government served the judgment debtor, individually and in his capacity as an agent or officer of Mr. Bollywood, Inc., with the garnishment process 45 days ago (Dkt. 821);

WHEREAS the FDCPA requires the judgment debtor to file a claim for exemption, objection to the garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing by or on behalf of the judgment debtor;

WHEREAS the judgment debtor still owes more than $7.1 million in restitution to the victims of his crime; and

---

[1] Fidelity also holds one Uniform Transfer to Minors Account ("UTMA") for the benefit of N.C. for which Anthony Cheedie is the custodian.

[2] John Hancock also holds one term life insurance policy that has no cash value.

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after a garnishee files an answer and if no hearing is requested within the required time period, the Court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in the property held by the garnishee;

IT IS HEREBY ORDERED that the garnishees, FIDELITY BROKERAGE SERVICES, LLC and FIDELITY MANAGEMENT TRUST COMPANY, shall liquidate securities as needed to pay to the Clerk of Court within 15 days from the date of this order the following nonexempt property it has in its possession, custody, or control belonging to or due the judgment debtor, ANTHONY CHEEDIE, Individually and/or in his capacity as Officer of Mr. Bollywood, Inc.:

1) 100% of the full liquidated value of his Individual TOD account numbers ending in 3512 and 6422;

2) 100% of the full liquidated value of his IRA number ending in 2243, less any deductions required by law, with no withdrawal penalty. *See* 18 U.S.C. § 3613; *United States v. Irving*, 4452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish retirement funds to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

3) 100% of the full liquidated value of the account number ending in 6411 in the name of Mr. Bollywood, Inc.. *See* 18 U.S.C. § 3613; *United States v. National Bank of Commerce*, 472 U.S. 713, 725 (1985) (the Government may make an election on the debtor's behalf when he is eligible for a distribution but has not elected to receive one); *Libutti v. United States*, 107 F.3d 110, 120 (2d Cir.1997) (property of the debtor's nominee is subject to collection); and

4) The UTMA for the benefit of N.C. on which the judgment debtor is only the custodian is hereby released from restriction.

IT IS HEREBY ORDERED that the garnishee, JOHN HANCOCK LIFE INSURANCE COMPANY shall liquidate securities as needed to pay to the Clerk of Court within 15 days from the date of this order the nonexempt property it has in its possession, custody, or control belonging to or due the judgment debtor, ANTHONY CHEEDIE, namely 100% of the cash value of his Life Insurance Policy No. ending in 0965. *See* 18 U.S.C. § 3613; *United States v. Bess*, 357 U.S. 51, 56-67 (1958); *United States v. Minneman*, 38 F. App'x 321, 323 (7th Cir. 2002) (cash surrender value of life insurance policy is property or rights to property to which federal lien attaches and government may enforce lien to recover cash surrender value). It is further ordered that a federal lien shall remain attached to his term life insurance policy.

Payments should be made to "Clerk of Court" with "No. 19 CR 0833-01" written on the face of each payment and mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

Dated: New York, New York
September 23, 2024

_____
UNITED STATES DISTRICT JUDGE